(27 Misc. Rep. 545.)

COTTA et al. v. CARR.

(Supreme Court, Appellate Term.   May 24, 1899.)

LIVERY STABLE KEEPERS—LIEN.

A livery stable keeper, who boards one's horse and occasionally cleans the wagon and harness, which latter were not stipulated services, has no lien on the wagon and harness for his charges, under Laws 1897, c. 418, art. 6, §§ 70, 73, giving a lien for charges for work or material expended in enhancing the value of personalty at the owner's request or with his consent, or for storage charges to one engaged in the business of storing goods.

Appeal from municipal court, borough of Manhattan, Third district.

Action by Frederick C. Cotta and another against Edward T. Carr. From a judgment for plaintiffs, defendant appeals.   Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-TRITT, JJ.

John P. Everett, for appellant.
Smith & Cochrane, for respondents.

MacLEAN, J.   The complaint is "to recover the possession of personal property"; the answer, "general denial, bailee's lien as livery stable keeper."   From the evidence, which is not contradictory, it appears that it was agreed between the plaintiffs and the defendant that the latter should take care of a horse, wagon, and harness belonging to the plaintiffs, who were to have possession and use of the horse, wagon, and harness every day in their business.   Under this agreement the defendant boarded the horse, occasionally washed the wagon and cleaned the harness, though these latter were not stipulated services.   Being in arrears on December 1, 1898, the plaintiffs were notified by the defendant that they could not remove the horse, wagon, and harness from the stable until his charges were paid. Nine days after this notice, the plaintiffs made a written demand for the return of the horse, wagon, and harness, which was refused. These facts, and the value of the articles having been shown, the justice rendered judgment that the plaintiffs were entitled to recover the possession of the wagon and harness or their value, adjudged to be $142, and that the defendant had a lien upon the horse for the sum of $60 for the keep of the animal, and was entitled to retain said animal until such indebtedness was paid.   From so much of the judgment as awarded the possession or the value of the wagon and harness to the plaintiff, comes the present appeal.   The defendant failed to establish any lien, either by agreement or by statute, as an artisan for the betterment of personal property, or for storage of the goods, within sections 70, 73, art. 6, c. 418, Laws 1897.   The judgment should be affirmed.

Judgment affirmed, with costs to the respondents.   All concur.